IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

AMY ANNETTE WHITE,               )
                                 )
                    Plaintiff,   )
                                 )
vs.                              )        Case No. 11-0920-CV-W-ODS
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
                    Defendant.   )

**ORDER AND OPINION AFFIRMING FINAL DECISION**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her disability application.  The Commissioner's decision is affirmed.

## I.  BACKGROUND

Plaintiff Amy Annette White is a 43-year-old female with past relevant work as a hand packager, gluer, file clerk, and plastics worker.  She alleges she became disabled on December 1, 2002.

The ALJ determined White suffered from the following severe impairments: a bipolar disorder; a personality disorder, not otherwise specified; and a mixed substance addiction disorder including amphetamine abuse in remission and alcohol abuse in partial remission. The ALJ concluded White was not disabled after finding she retained the residual functional capacity (RFC) to perform her past relevant work as a hand packager and gluer.

## II.  DISCUSSION

The Court must affirm the ALJ's decision if it is supported by substantial evidence

on the record as a whole. *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). Substantial evidence is relevant evidence a reasonable mind would accept as adequate to support a conclusion. *Id.* Evidence that both supports and detracts from the ALJ's decision must be considered. *Id.* If two inconsistent positions can be drawn from the evidence, and one of those positions represents the ALJ's decision, it will be affirmed. *Id.*

### (a) Opinion Evidence

White asserts there are several opinions in the 1440-page record regarding her mental functioning from 2006 to 2010. Although the ALJ mentioned all the evidence White cites, the ALJ did not specifically state what weight he was assigning each item of evidence. Because of this White contends her case should be remanded.

The evidence White cites to support her argument includes:

- Consultative examiner Robert G. Urie, PhD's opinion from November 8, 2006, that White suffered from bipolar I disorder of moderate severity, with a Global Assessment of Function (GAF) rating of 46.[1]

- Consultative examiner Michael Schwartz, PhD's opinion from August 4, 2007, that White's current GAF rating was 45 and the highest in the past year was 45. Dr. Schwartz also opined White was "too emotionally fragile" to work while living independently, although he thought she may be able to do so in time.

- State agency psychologist J.E. Bucklew, PhD's opinion from September 1, 2007, that White was moderately limited in her ability to sustain an ordinary routine without special supervision and moderately limited in social functioning.

---

[1] A GAF rating indicates a clinician's judgment of an individual's overall level of functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. text rev. 2000). The 41–50 range reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* at 34.

2

- Nurse-practitioner Marti Cowherd's statement that White was a patient at his clinic from September 2004 to October 2009 and that she "was not able to maintain employment due to frequent mood changes related to Bipolar Disorder."

- GAF ratings of 50 and 65 from an unidentified source at Comprehensive Mental Health Services.[2] The first rating corresponded to an initial diagnosis that appears to be from January 2008. The second rating was from a final diagnosis apparently rendered in November 2009.

- A GAF rating of 53 from counselor Lori Wheelhouse in December 2009.[3]

- A GAF rating of 50 from Zafar Mahmood MD in January 2010, on discharge after three-day inpatient hospital stay. White had been voluntarily admitted to the hospital after complaining of worsening depressive symptoms and suicidal ideation. She was intoxicated with alcohol at the time of admission.

- A GAF rating of 50–55 in March 2010 from Mary Chance, a board-certified psychiatric-mental health clinical nurse specialist. This was Ms. Chance's initial psychiatric evaluation of White.

- A mental RFC assessment completed by Ms. Chance in July 2010 identifying several marked and extreme limitations.

The Court does not agree with White that remand is required. With respect to Ms. Chance and Mr. Cowherd, White admits the ALJ expressly stated these opinions were given "little weight." White incorrectly suggests the ALJ discredited these opinions because they were not from "acceptable medical sources." *See* 20 C.F.R. §§

---

[2] A rating in the 61–70 range reflects "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." Diagnostic and Statistical Manual of Mental Disorders 34.

[3] A rating in the 51–60 range reflects "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). Diagnostic and Statistical Manual of Mental Disorders 34.

404.1513(a), 416.913(a).  To the contrary, the ALJ recognized Ms. Chance and Mr. Cowherd as "other sources" whose opinions warranted consideration.  *See* §§ 404.1513(d), 416.913(d).  The ALJ discredited Mr. Cowherd's opinion of disability primarily because Mr. Cowherd stated White "had frequent episodes related to stopping of her medication" but "was well controlled when she took her medications."  The ALJ discredited Ms. Chance's mental RFC assessment because she stated she "completed the forms with [White]" and that White "[gave] herself a lower score on some of the questions than I would."  The ALJ also found the opinions expressed by Ms. Chance and Mr. Cowherd were not supported by medically acceptable clinical and diagnostic techniques and were inconsistent with the record as a whole.  White notably does not challenge any of the ALJ's reasons for discrediting these sources, and her arguments with respect to them are rejected.

White also admits the ALJ stated state agency psychologist Dr. Bucklew's opinion was "correct."  But White fails to acknowledge the context of the ALJ's discussion.  The ALJ was discussing Dr. Bucklew's "disagree[ment] with any inference" in Dr. Schwartz's opinion that White was disabled and Dr. Bucklew's opinion that White would not be disabled for 12 months.  The ALJ supported his "correct" finding in part with White's work search in 2008 following Dr. Bucklew's opinion and her "doing well enough to be offered a manager's position" at her job with the Salvation Army.  White notably does not argue these were invalid reasons for finding Dr. Bucklew's opinion "correct."

This leaves Dr. Urie's and Dr. Schwartz's GAF ratings in the 40's in 2006 and 2007 and the ratings in the 50's (with one 65 rating) from 2008 to 2010, the weight of which was not explained by the ALJ.  Nor did the ALJ explain why he did not include Dr. Bucklew's limitations (particularly regarding White's inability to sustain an ordinary routine without special supervision) in the RFC assessment.

White maintains her case should be remanded for clarification, citing *McCadney v. Astrue*, 519 F.3d 764 (8th Cir. 2008).  In *McCadney* a consultative psychologist diagnosed the claimant with dementia and other mental restrictions, but the ALJ failed to include these restrictions in the hypothetical to the vocational expert (VE).  *Id.* at 767.

The Eighth Circuit "simply [could not] determine from this record . . . what weight, if any, the ALJ gave to [consultative psychologist's] report," *id.*, and therefore could not determine why the restrictions found by the psychologist were not included in the hypothetical. *See id.* Remand for clarification thus was ordered. *Id.*

In White's case the Court admits the ALJ's decision is not a model of clarity, which has made the Court's review more difficult. But the Court can glean from the decision why the ALJ formulated White's RFC assessment and VE hypotheticals as he did. This renders *McCadney* distinguishable.

To help him evaluate the voluminous medical records, the ALJ enlisted a medical expert (ME). Based on his independent review of the evidence, the ME testified White was limited to "understanding, remembering and carrying out short and simple instructions," "brief and superficial workplace interactions," and "only routine day-to-day work stressors." The ALJ's RFC assessment and hypotheticals to the VE reflected the ME's opinion: the ALJ restricted White to simple instructions, routine job stress, limited contact with others, and no working as a member of a team.

In explaining his opinion the VE testified White

> has been doing fairly well and has been fairly well stabilized with her current medication regiment. There was a decompensation in January of 2010 [when White was admitted for suicidal ideation], but for the most part she appears to have been stabilized. However, on the other hand she does have a fairly extensive amount of mental health support in community based services. So I think that it supports moderate levels of limitations functionally.

The ALJ correspondingly found that White's mental symptoms were "well controlled she took her medications" and that her decompensations "were precipitated by the claimant being off her medications or intoxicated." White notably fails to acknowledge the ME's opinion or the ALJ's findings and makes no argument the record fails to support either of them.

The ALJ also found White's mental status evaluations in the record "were not severe enough to cause the claimant to be disabled from all work." White does not

5

argue this was incorrect; in fact, he cites two mental status evaluations from Mr. Cowherd in 2008 and 2009 in arguing these constitute "opinions" that should have been weighed and explained (which the Court doubts). He admits each was "[e]ssentially a normal examination."

In addition the ALJ found it "revealing" that in March 2008 White expressed concern over working full time and accepting a managerial position at her job with the Salvation Army—not because of her mental health—but because she was afraid of losing her Medicaid and not being able to afford her prescriptions. The ALJ likewise found it "noteworthy" that during her initial evaluation with Ms. Chance in March 2010 White reported she "would like to work but . . . she had applied for disability and knew that her chances of getting that would be better if she was not working at all." White again does not acknowledge these findings or attempt to counter them.

The Court holds that remand for clarification is unnecessary because the ALJ's reasons for his RFC assessment and VE hypotheticals are apparent from the ALJ's decision. White has not shown the ALJ's decision is unsupported by substantial evidence in the record as a whole.

*(b) Content of the ALJ's Hypotheticals*

White next contends remand is required because the ALJ found her to be

- moderately limited in social functioning;

- moderately limited in concentration, persistence, or pace; and

- mildly limited in activities of daily living

at step two of the five-step sequential process, yet his hypotheticals to the VE purportedly failed to account for these limitations. (As noted previously, the ALJ limited White to simple instructions, routine job stress, limited contact with others, and no working as a member of a team.)

The only argument White develops in this regard is that the ALJ's limitation to

"short, simple instructions" and "routine daily job stresses" failed to adequately describe White's moderate limitations in concentration, persistence, or pace. White cites supporting authority from the Seventh Circuit; however, contrary Eighth Circuit authority is sufficiently analogous to be dispositive.

*Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997), held that a "hypothetical including the 'ability to do only simple routine repetitive work, which does not require close attention to detail' sufficiently describes deficiencies of concentration, persistence or pace." *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (summarizing the holding in *Brachtel*). *Brachtel* contrasts with *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996), which held that a hypothetical limiting the claimant to "simple jobs" failed to account for the claimant's limitations in concentration, persistence, or pace.

The ALJ's limitation to "short, simple instructions" and "routine daily job stresses" more closely resembles the hypothetical upheld in *Brachtel* than the one found deficient in *Newton*. Remand therefore is not warranted.

## III. CONCLUSION

The Commissioner's decision is affirmed.
IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 1, 2012                    UNITED STATES DISTRICT COURT

7